UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALCORP HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01898 AGF |
| ) | |
| THUMB OILSEED ) | |
| PRODUCERS= COOPERATIVE, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This diversity action is before the Court on the parties' joint motion to stay this action pending resolution of a related action in Michigan state court.  Ralcorp Holdings, Inc. ("RHI") commenced this action on October 8, 2010, for breach of contract and related state law claims based upon an agreement between the parties for Defendant to provide Plaintiff with ingredients to be incorporated into Plaintiff's food products that Plaintiff produces for human consumption.  Plaintiff alleged that the ingredients provided by Defendant were contaminated.

Trial was initially set for November 12, 2012, but on November 4, 2011, the trial date was changed by request of the parties and reset for February 11, 2013.  On March 19, 2012, Defendant filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan, and on April 4, 2012, the Court stayed the action. On August 13, 2012, the Bankruptcy Court waived the automatic stay to permit Plaintiff to continue litigation of the present lawsuit.  On October 3, 2012, the Court lifted the stay, over Defendant's objection that the Court should await the decision of the Bankruptcy Court on

the declaratory judgment adversary proceeding filed by Defendant's insurer seeking a declaration that it did not have a duty to defend or indemnify Defendant in the present action.  On December 18, 2012, the Court issued an amended Case Management Order ("CMO"), resetting the trial for January 13, 2014.

The present motion to re-impose a stay was filed on March 15, 2013.  The parties state that on that same day the Bankruptcy Court accepted the stipulation of the parties and Defendant's insurer to lift the bankruptcy stay to allow the insurer to file its declaratory judgment action in Michigan state court.  The parties asked this Court to stay the present action "for many months to come" pending a ruling by the Michigan state court as to whether the insurer's as yet to-be-filed action may proceed contemporaneously with the instant action or must await resolution of this action.  The parties thereafter supplemented their motion to stay, noting that the insurer had filed its declaratory judgment action, and that RHI's responsive pleading is due on May 30, 2013.  The parties further note that while they have been proceeding in Michigan, they have withheld engaging in active discovery, and that the discovery cut-off in this Court's current CMO is May 1, 2013.

The Court has the inherent power to stay an action to control its docket, conserve judicial resources, and provide a just determination of the case.  *See Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that the power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).

This case was filed more than two and one half years ago. The parties now ask the Court to stay the case for an indeterminate period of time, awaiting a ruling from another court as to whether Defendant's insurer will be able to proceed with a declaratory judgment action the insurer has filed with respect to the duties owed to Defendant in the present action. The parties do not state what course they will pursue in the present action if the Michigan state court rules that the coverage dispute need not await resolution of the liability dispute.[1] Will they then move to extend the stay they now seek until the Michigan state action is over, which could well take another two years?

The Court concludes that its interest in managing its docket dictates that the present action proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Stay of Action is **DENIED**.  (Doc. No. 45.)

**IT IS FURTHER ORDERED** that on or before **May 31, 2013**, the parties shall submit a joint proposed scheduling plan.

.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2013.

---

1   See *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 243 (1937) (holding that a declaratory judgment action seeking resolution of an insured's coverage was justiciable prior to liability being determined; rejecting the contention that a declaratory judgment action would be premature merely because it turns on questions of fact).